T.C. Summary Opinion 2011-52

UNITED STATES TAX COURT

CRISTIAN AND GABRIELA BURERIU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14064-09S.                Filed April 18, 2011.

Cristian and Gabriela Bureriu, pro sese.

<u>Melanie E. Senick</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference and are so found. At the time petitioners filed their petition, they resided in Washington.

Respondent determined a deficiency in petitioners' 2006 Federal income tax of $19,151 and a section 6662(a) penalty of $3,830. The deficiency was the result of the denial of deductions claimed on petitioners' Schedule C, Profit or Loss From Business, attached to their 2006 Federal income tax return. Before trial respondent conceded that: (1) Petitioners are entitled to their claimed $2,813 depreciation expense for property placed in service for taxable years beginning before 2006; (2) in 2006 petitioners paid $9,801 of the $12,974 of other expenses listed on Schedule C but have not proven that those expenses were ordinary and necessary; (3) in 2006 petitioners paid mortgage interest, real estate taxes, utilities expenses, $1,533 of other expenses, $3,312 of repair and maintenance expenses, and $2,282 of capital expenditures but have not proven that those amounts relate to the regular and exclusive business use of their home; and (4) petitioners are entitled to depreciate their home using the 27.5-year recovery period for residential rental property.

We must decide whether petitioners are entitled to deductions for 2006 for: (1) Car and truck expenses; (2)

depreciation expenses for their four vehicles; (3) expenses related to the business use of their home; and (4) other Schedule C expenses. We must further decide whether petitioners are subject to the section 6662(a) penalty.

## Background

During 2006 petitioner Gabriela Bureriu (Ms. Bureriu) ran an adult caregiver business, Gentle Care AFH, out of petitioners' home. Gentle Care AFH's clients lived full time with petitioners and their two children, ages 3 and 4. The total square footage of petitioners' home was approximately 1,780 square feet and included four bedrooms, a living room, a dining room, a kitchen, a laundry room, and a recreation room.

Petitioners used the master bedroom and master bathroom in their home predominantly for personal purposes. On occasion, petitioners and their children also used the kitchen and the laundry room for personal purposes. The three other bedrooms were used exclusively for the occupancy and care of Gentle Care AFH's clients. On petitioners' 2006 Form 1040, U.S. Individual Income Tax Return, they claimed that 1,520 square feet, or 85.39 percent of their home, was used exclusively for business purposes. Petitioners provided a floor plan of their home but the dimensions of each room are not clear.

Petitioners owned four vehicles in 2006: A 1999 Lexus GS300, a 1999 Toyota Camry, a 2001 Toyota Sequoia, and a 2003

Chevy Silverado. Petitioners claim they used each of the four vehicles for business in 2006. Mileage logs petitioners kept for the Lexus, the Camry, and the Silverado listed the business miles driven in 2006 for each car to be 3,109, 1,820, and 1,470, respectively. Ms. Bureriu estimated the mileage on the logs, and the logs did not include details or the business purpose for each trip. A log was not kept for the Sequoia in 2006.

On petitioners' 2006 Federal income tax return they reported business use of 5,127, 3,127, and 4,996 miles for the Lexus, the Camry, and the Silverado, respectively. Petitioners did not report any business use for the Sequoia. The mileage amounts reported on petitioners' Federal income tax return in excess of those in the mileage logs were determined solely on the basis of petitioners' oral communications to their accountant.

Petitioners' Schedule C listed "other expenses" totaling $12,974. These expenses comprised bank charges, computer expenses, decorations, disposal fees, dues and subscriptions, first aid, food and groceries, laundry and cleaning, licenses and fees, linens, medical supplies, postage, printing, promotions and gifts, seminars, small tools, telephone, uniforms, videos, and tapes. Respondent has conceded, on the basis of petitioners' receipts, bank records, and credit card statements, that in 2006 petitioners paid $9,801 of the $12,974 of "other expenses" listed

on their Schedule C but argues that petitioners have not proven they were ordinary and necessary.

Petitioners occasionally paid for the "other expenses" using the same credit card they used for personal expenses. Additionally, petitioners used business accounts to pay personal expenses, and those expenses were not noted when incurred. Petitioners' accountant relied on petitioners' bank statements and oral representations as the only evidence that the "other expenses" listed on Schedule C were attributable to ordinary and necessary business expenses.

On March 5, 2009, respondent issued a notice of deficiency. Petitioners timely mailed and postmarked their petition to this Court on June 3, 2009.

## Discussion

### I. Burden of Proof

Respondent's determinations in the notice of deficiency are presumed correct, and petitioners bear the burden of proving that respondent's determinations are incorrect. See Rule 142(a)(1). Petitioners do not argue that the burden of proof shifts to respondent pursuant to section 7491(a), nor have they shown that the threshold requirements of section 7491(a) have been met for any of the determinations at issue. Accordingly, the burden of proof remains on petitioners to prove that respondent's determination of a deficiency in their income tax is erroneous.

## II.  Business Use of Home

Deductions are a matter of legislative grace, and the taxpayers must prove they are entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

If a factual basis exists to do so, the Court may in some circumstances approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

In addition to the requirements discussed above, section 280A(a) provides the general rule that deductions with respect to

the use of the taxpayer's residence are not allowable unless an exception applies. The exceptions are found in section 280A(c), which provides in relevant part:[2]

> SEC. 280A(c). Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.--
>
> (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--
>
>> (A) as the principal place of business for any trade or business of the taxpayer,
>>
>> (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business * * *

Because there are substantial business and personal motives for the expenses related to petitioners' residence, we must determine what portion of the residence was used regularly and exclusively for petitioners' business. See Intl. Trading Co. v. Commissioner, 275 F.2d 578, 584-587 (7th Cir. 1960), affg. T.C. Memo. 1958-104; Deihl v. Commissioner, T.C. Memo. 2005-287. Combined personal and business use of a section of the residence

---

[2]Sec. 280A(c)(4) generally provides an exception to sec. 280A(a) for items allocable to the use of any portion of a dwelling unit on a regular basis in a taxpayer's trade or business of providing "day care" services for children, individuals who have attained the age of 65, and individuals who are physically or mentally incapable of taking care of themselves. Sec. 280A(c)(4) is not applicable to petitioners because Gentle Care AFH was not a "day care" service in 2006, but rather, provided 24-hour care to its clients.

precludes deductibility. See generally Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1557 (1987).

Petitioners argue that the personal use of their home was limited to the master bedroom and master bathroom and, therefore, 1,520 square feet, or 85.39 percent of their home, was used exclusively for business purposes. Petitioners admit, however, that they occasionally used the kitchen and the laundry room for personal purposes. With respect to the living room, dining room, and recreation room, petitioners have not presented any evidence outside of Ms. Bureriu's testimony to support their contention that those rooms were exclusively used for business purposes. Common sense tells us that petitioners' young children, ages 3 and 4, were not confined to the master bedroom and master bathroom at all times while in petitioners' home. Accordingly, petitioners have failed to overcome their burden and are not entitled to deductions with respect to the kitchen, laundry room, living room, dining room, and recreation room.

At trial respondent did not question Ms. Bureriu as to whether the three bedrooms where Gentle Care AFH's clients resided were used exclusively for business purposes. There is nothing in the record to indicate that petitioners used those bedrooms for any personal purpose in 2006. Accordingly, in accordance with Cohan v. Commissioner, supra at 543-544, and the floor plans of petitioners' home, we estimate that the three

bedrooms, covering approximately 400 square feet of petitioners'
home, were used exclusively for business purposes. Any
inexactitude in the estimate by the Court is of petitioners' own
making and due to their failure to maintain proper business
records. See id. As 400/1,780 represents about 22.47 percent of
the total area of the home, petitioners are entitled to 22.47
percent of their allowable expenses allocable to the portion of
their home used exclusively for business purposes.

III. Other Expenses

As noted above, respondent concedes that petitioners paid
$9,801 of the $12,974 of "other expenses" listed on Schedule C.
Petitioners produced receipts, bank records, and credit card
statements as proof of the $9,801 respondent conceded. However,
petitioners have failed to maintain adequate records or produce
any evidence outside of Ms. Bureriu's testimony to prove that the
$9,801 of "other expenses" paid in 2006 was incurred for ordinary
and necessary business purposes.

The Cohan doctrine allows the Court to approximate allowable
expenses, bearing heavily against the taxpayer who failed to
maintain adequate records. It is not disputed that Gentle Care
AFH provided 24-hour care for three to four elderly clients
throughout 2006 and such care required the payment of certain
expenses. An approximation weighing heavily against petitioners
is therefore warranted under the Cohan doctrine because we are

satisfied that some of the "other expenses" were incurred for business purposes.  Accordingly, for 2006, petitioners may deduct 50 percent of each "other expense" that respondent has conceded as paid.

IV.  <u>Car Expenses</u>

Passenger automobiles and any other property used as a means of transportation are "listed property" as defined by section 280F(d)(4).  Secs. 274(d)(4), 280F(d)(4)(A)(i).  Expenses for items described in section 274 are subject to strict substantiation rules.  No deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (including passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement":  (1) The amount of the expense or other item; (2) the time and place of the travel, entertainment or use, or date and description of the gift; (3) the business purpose of the expense or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained.  Sec. 274(d).  We may not use the <u>Cohan</u> doctrine to estimate expenses covered by section 274(d).  See <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., <u>supra</u>.

Petitioners kept logs to track business miles driven in 2006 for three of their four vehicles. Petitioners' mileage logs do not include a description of the business purpose of each trip. On their 2006 Federal income tax return, petitioners claimed that the total miles driven for business purposes in each vehicle in 2006 far exceeded the mileage reported on the logs. At trial Ms. Bureriu testified that this discrepancy was the result of emergency miles driven to care for her elderly clients. Petitioners argue that they were too busy with emergencies to properly document their mileage. As a result, petitioners communicated their final mileage calculations orally to their accountant for purposes of preparing their 2006 Federal income tax return.

Petitioners' oral account of mileage records with respect to the business use of their vehicles in 2006 is not sufficient to substantiate the associated deductions. Further, petitioners' mileage logs fail to provide any detail regarding the business purpose of each entry. As discussed above, we may not use the Cohan doctrine to estimate section 274(d) expenses. Accordingly, petitioners have failed to meet the heightened substantiation requirements of section 274, and we sustain respondent's determination with regard to the car and truck expenses.

Petitioners also claimed depreciation deductions with respect to their vehicles for 2006. Because petitioners have

failed to substantiate the business use of the vehicles pursuant to section 274 for 2006, we sustain respondent's determinations with respect to petitioners' depreciation deductions.

V.  Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes an accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  The penalty is equal to 20 percent of the portion of any underpayment attributable to a substantial understatement of income tax.  Id.  The term "substantial understatement" is defined as exceeding the greater of:  (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000.  Sec. 6662(d)(1)(A).  Section 6662(a) and (b)(1) also imposes a penalty equal to 20 percent of the amount of an underpayment attributable to negligence or disregard of rules or regulations.  Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to maintain adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioners' failure to produce records substantiating their Schedule C deductions supports the imposition of the accuracy-related penalty for negligence for 2006.  The applicability of section 6662(b)(2) will depend on the magnitude of the understatement of income tax as calculated under Rule 155.  If

petitioners' understatement of income tax as calculated under Rule 155 exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return for 2006, respondent will have met his burden of production under section 7491(c). If not, respondent will have failed to meet his burden of production under section 7491(c).

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The taxpayer bears the burden of proof with regard to those issues. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioners have failed to show reasonable cause, substantial authority, or any other basis for reducing the penalties. Accordingly, pending a final calculation of petitioners' understatement of income tax under Rule 155, we find petitioner liable for the section 6662 penalty for 2006 as commensurate with respondent's concessions and our holding. See id.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.